IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 3:06CR281–HEH |
| ) | Civil Action No. 3:16cv911 |
| LORENZO DESHON STEPHENS, ) | |
| ) | |
| Petitioner. ) | |

**MEMORANDUM OPINION**
(Dismissing Successive 28 U.S.C. § 2255 Motion)

By Memorandum Opinion and Order entered on January 22, 2010, the Court denied a 28 U.S.C. § 2255 motion filed by Petitioner. (ECF Nos. 79, 80.) On October 25, 2016, the Court received from Petitioner a document titled "MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(D)(3) TO SET ASIDE JUDGMENT IN A CRIMINAL CASE FOR FRAUD ON THE COURT" ("Rule 60(d) Motion," ECF 126), Petitioner's Rule 60(d) Motion is a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move

in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . ., the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

Petitioner's Rule 60(d) Motion continues to attack his federal convictions and falls within the ambit of § 2255 (a). Therefore, Petitioner's Rule 60(d) Motion (ECF No. 126) will be treated as a successive § 2255 motion. The Clerk will be directed to assign a civil action number to the Rule 60(d) Motion. Because the Court has not received authorization from the Fourth Circuit to file the motion, the action will be dismissed for want of jurisdiction. The Court will deny a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Nov. 10, 2016
Richmond, Virginia